UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CASE NO: 5:08-cv-00343-RS-MD

BRIAN MOORE, as Personal
Representative of and on behalf of the
Estate of BERNARD P. RICE, deceased,

      Plaintiff,

v.

NORTH AMERICA SPORTS, INC., a foreign
corporation, d/b/a World Triathlon Corporation,
also d/b/a Ironman Triathlon, also d/b/a Ford
Ironman Florida, and f/k/a Ironman North
America, and WORLD TRIATHLON
CORPORATION, a Florida corporation, d/b/a
Ironman Triathlon, also known as, Ford Ironman
Florida, and USA TRIATHLON, a foreign
corporation, Any Other Entity Whose Acts or
Omissions Caused or Contributed to the death
of Bernard P. Rice,

      Defendants.
_____/

**PLAINTIFFS' MOTION FOR REMAND AND
MOTION FOR ATTORNEYS' FEES AND COSTS**

Plaintiff Brian Moore, as Personal Representative of the Estate of Bernard P. Rice, deceased,

under 28 U.S.C. §1447(c), respectfully moves this Court to remand the instant case to Florida state

court, and for an award of attorneys' fees and costs incurred as a result of the removal.  The basis

for this Motion is contained in the following Memorandum.

**MEMORANDUM**

_____1.    *The Facts*.  The Plaintiff's initial Complaint, filed on or about June 20, 2008, named

a Florida corporation as Defendant (*see* Exhibit B to the Notice of Removal).  It charged the

Defendants with the wrongful death of decedent Bernard P. Rice, identified as a "resident of Calispell, Montana" (Complaint, ¶2, at 2), a participant in the 2006 Ford Ironman Florida Triathlon in Plantation, Florida, who drowned in the competition as a result of the Defendants' alleged negligence, leaving a wife and three children (*id*., ¶7, at 2). The Complaint seeks damages for the loss of prospective net accumulations to the Estate (¶19, at 5), and on behalf of Michelle Rice as surviving spouse, for "loss of support and services of the decedent, mental pain and suffering as a result of the death of the decedent, as well as . . . medical and funeral expenses" (¶17, at 5). The Complaint also identifies the decedent's three children, Hunter, Asher and Atlas, as minors, in that they assertedly are entitled to damages for "the loss of support and services of the decedent, [and] mental pain and suffering as a result of the death of the decedent" (¶18, at 5).[1]

On July 17, 2008, the Defendants filed in state court a Motion to Dismiss, or in the Alternative, Motion for More Definite Statement (Exhibit C to Notice of Removal), to which they attached the decedent's purported Online Registration for the 2006 Ford Ironman Florida event. In the application, the decedent stated that he was born in 1971 (and thus was 35 years old at the time of his death); that his address was in Montana; that he held a Bachelors Degree; that he was a boat dealer; and that he was the President of the boat dealership.

On September 2, 2008, the Plaintiff filed and served in state court a Notice that she was dropping the Florida Defendant as a party (Exhibit E to Notice of Removal). The Defendants did

---

[1]Under Florida Law, which is presumed to be invoked by a complaint filed in Florida unless and until the plaintiff invokes the law of some other jurisdiction, *see Kingston v. Quimby*, 80 So. 2d 455, 456 (Fla. 1955); *Collins v. Collins*, 160 Fla. 732, 733, 36 So. 2d 417, 417-18 (1948); *Aetna Casualty & Surety Co. v. Ciarrochi*, 573 So. 2d 990 (Fla. 3d DCA 1991), if the decedent leaves a surviving spouse, only minor children are entitled to recover for non-economic damages such as mental pain and suffering. *See* §768.21(3), Fla. Stat. Thus, in seeking non-economic damages for the three children, the Complaint alleges that they are minors.

not remove the case to this Court until 72 days later, on November 14, 2008.  Initially, they waited

30 days, to October 2, before propounding their First Request for Admissions to Plaintiff (Exhibit

F to Notice of Removal), asking the Plaintiff to admit that decedent Bernard Rice was a citizen of

the State of Montana at the time of his death, and that the amount in controversy exceeds $75,000.[2]

The Plaintiff responded to the Request for Admission on November 3, admitting both facts (Exhibit

G to Notice of Removal).  The Defendants removed to this Court on November 14.

       2.        *Argument*.  28 U.S.C. §1446(b) provides that "[i]f the case stated by the initial

pleading is not removable, a notice of removal may be filed within thirty days after receipt by the

defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other

paper from which it may first be ascertained that the case is one which is or has become removable

. . . ."  In their Notice of Removal, the Defendants argue that their removal of this case was timely

for two reasons.  First, the Defendants note that the initial Complaint named a Florida Defendant,

which was not dropped until September 2, 2008.  We agree that the 30 days did not begin to run until

that time.  However, the Defendants removed 72 days later--42 days late.

       Second, The Defendants argue that even after dropping the Florida Defendant, "the

Complaint did not "conclusively establish citizenship of the Plaintiff nor the amount in controversy,"

because it "alleges the residence of the decedent, but not the citizenship of decedent or his estate,"

---

    [2]On September 24, the Plaintiffs had noticed in state court a hearing set for December 3, 2008, on the Defendants' Motion to Dismiss or Strike the Complaint (Exhibit C to Notice of Removal).  The Defendants knew how long it took to schedule that hearing, and how long it would take to reschedule it if necessary.  They waited a full month after the Plaintiff dropped the Florida Defendant before propounding interrogatories on citizenship and the amount in controversy. If there is any way that the Court can act on this Motion in time to hold the state-court hearing date if the Court should grant the Motion, that would thwart the Defendants' obvious attempt to delay this proceeding.

and because it "simply alleges that damages are in excess of $15,000" (Notice of Removal at 3).

Thus, the Defendants contend, they were entitled to wait another 30 days before propounding

Requests for Admissions; to wait for the Plaintiff's answers, confirming the decedent's citizenship

and that the claim exceeds $75,000; and then to remove within 30 days of that confirmation.  Given

the facts alleged, the facts of record, and a controlling body of law, this position is frivolous, and

warrants the assessment of attorneys' fees and costs against the Defendants.

Section 1446(b) does not provide that either the complaint or a subsequent pleading must

"conclusively establish" either the citizenship of the plaintiff or the amount in controversy, but only

that it provide information "from which it may first be ascertained that the case is one which is or

has become removable . . . ."  Based upon the allegations of the Complaint, and the additional facts

contained in the decedent's Online Registration (attached to Exhibit C to Notice of Removal), it was

readily ascertainable both that the decedent was a citizen of Montana and that the amount in

controversy exceeded $75,000.

A.      *Citizenship.*  Under the express language of §1446(b), a plaintiff's complaint

does not have to state the plaintiff's citizenship, but only provide allegations from which it may be

"ascertained."  As the court put it in *Bankston v. Illinois Nat'l Ins. Co.*, 443 F. Supp. 2d 1380, 1381-

82 (M.D. Fla. 2006):

> The crucial inquiry is when the defendant should have
> "intelligently ascertained" that the case was removable. *Webster* [*v.
> Dow United Technologies Composite Products, Inc.*, 925 F. Supp.
> 727, 729 (M.D. Ala. 1996)].
>
> Florida law does not require a state court plaintiff to allege
> citizenship of the parties in a complaint. *See* Fla. R. Civ. P. 1.110(b).
> The defendant claims that the plaintiff's failure to allege citizenship
> in the . . .  complaint precluded removal within thirty days . . . .

> However, a plaintiff's mere failure to allege the parties' citizenship
> in the initial complaint does not prevent commencement of the 30
> days for removal.

*Accord, Clarson v. Southern General Life Ins. Co.*, 694 F. Supp. 847, 848 (M.D. Fla. 1987)

(defendant could "intelligently determine" citizenship); *Richman v. Zimmer, Inc.*, 644 F. Supp. 540,

541 (S.D. Fla. 1986) (same).

In the instant case, the Complaint alleges and the Ironman Online Application confirms that

the decedent was a resident of Montana. It is settled that although residence and citizenship are two

different things, for purposes of removal, a plaintiff's allegation of residency creates a presumption

of citizenship which justifies removal, and which shifts the burden to any plaintiff seeking remand

to overcome that presumption. As the court put it in *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir.

1954): "Residence alone is not the equivalent of citizenship, although the place of residence is prima

facie the domicile . . . ." *Accord, District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941); *State*

*Farm Mutual Automobile Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *Krasnov v. Dinan*, 465

F.2d 1298, 1301 (3d Cir. 1972); *Jones v. Law Firm of Hill and Ponton*, 141 F. Supp. 2d 1349, 1355

(M.D. Fla. 2001); *Deckers v. Kenneth W. Rose, Inc.*, 592 F. Supp. 25, 28 (M.D. Fla. 1984).

At the least, the allegation of residence put the Defendants on inquiry notice, and Mr. Rice's

Montana citizenship was readily ascertainable from a variety of sources. As the court put it in

*DiMeglio v. Italia Crociere Internazionale*, 502 F. Supp. 316, 319 (S.D.N.Y. 1980), *quoted in*

*Bankston v. Illinois Nat'l Ins. Co.*, 443 F. Supp. 2d at 1382: "Defendant obviously knew its own

citizenship and there was no reason why it could not have ascertained plaintiff's citizenship within

a few days of receiving the summons and notice." In *Bankston*, "the defendant possessed numerous

documents including an earlier offer to settle the underlying action, an incident report, a traffic crash

report, and eight medical records or bills . . . each of which suggested that the plaintiff was a Florida citizen." *Id.* In *Richman v. Zimmer, Inc.*, 644 F. Supp. at 541-42, the complaint's allegation that the plaintiff had moved to Florida two years earlier, and had had the surgery at issue in Florida, was enough to put the defendant on inquiry notice. The same is true in the instant case.

        *B.*     *The Amount in Controversy.* Here too, under §1446(b), the question is whether the Defendant can "intelligently ascertain" that the Plaintiff's claim is valued at more than $75,000. *Wagner v. Oerlikon, USA, Inc.*, 2008 WL 2262041, *1 (M.D. Fla. May 30, 2008). *Accord, Clarson v. Southern General Life Ins. Co.*, 694 F. Supp. at 848; *Richman v. Zimmer, Inc.*, 644 F. Supp. at 542. The court in *Richman* stated the general rule: "Where a fair reading of the complaint in a state suit based on serious personal injuries places the defendant on notice as to the substantial amount of damages involved, the defendant should be aware that the claim is removable even though the plaintiff merely alleges the state court's minimum jurisdictional amount." *Accord, Foster v. Resources for Human Development, Inc.*, 2007 WL 2225811, *5 (M.D. Fla. July 31, 2007); *Estevez-Gonzalez v. Kraft, Inc.*, 606 F. Supp. 127, 129 (S.D. Fla. 1985); *Baker v. Firestone & Rubber Co.*, 537 F. Supp. 244, 245-47 (S.D. Fla. 1982); *Lee v. Altamil Corp.*, 457 F. Supp. 979, 981 (M.D. Fla. 1978). All of these cases held that the nature of the allegations concerning the plaintiff's injury or damages were sufficient to put the defendant on notice that the amount in controversy exceeded the jurisdictional minimum.

        In the instant case, the Complaint alleges that the decedent was a man young enough to participate in the Ford Ironman Florida Triathlon, who left a wife and three minor children, all of whom who were entitled under Florida law to damages for loss of support and services and mental pain and suffering. Moreover, the decedent's Online Application for the event, which the

Defendants appended to their state-court Motion to Dismiss in July, records that he was 35 years old at the time of his death; that he held a Bachelors Degree; that he was a boat dealer; and that he was the President of his boat dealership (*see* Exhibit C to Notice of Removal, attachment to Motion to Dismiss). Under the authorities cited, these allegations and facts easily put the Defendants on notice that the claim is worth far more than $75,000. At the least, it put them on inquiry notice, and evidence of the value of the claim was readily and immediately ascertainable. *See Lee v. Altamil Corp.*, 457 F. Supp. at 981. Here too, therefore, as soon as the Florida Defendant was dismissed, the 30-day clock started to run.

The Defendants have relied upon two decisions in their Notice of Removal (p. 3). In *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007), *cert. denied sub nom. Hanna Steel Corp. v. Lowery*, 128 S.Ct. (2008), the court interpreted provisions of the Class Action Fairness Act of 2005 (located in various sections of Title 28, U.S.C.), holding in relevant part that the defendants had failed to establish that the plaintiff's claims in the aggregate were potentially valued at $5 million--a condition of removal under 28 U.S.C. §1332(d)(2). The court in *Lowery* recognized that "[i]f the jurisdictional amount is either stated clearly on the face of the [removal] documents before the court, or [is] readily deducible from them, then the court has jurisdiction." *Id.* at 1211. It thus directly repudiated the Defendants' contention that the complaint must "conclusively establish" the jurisdictional amount. However, it held that if "the limited universe of evidence available when the motion to remand is filed--i.e., the notice of removal and accompanying documents" -- "is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendant nor the court may speculate in an attempt to make up for the notice's failings." *Id.* at 1214-15. In *Lowery*, there was "no factual basis" upon which to value the plaintiff's combined

claims at $5 million. *Id*. at 1217. Thus, the "absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking at the stars." *Id.* at 1215. And it forbid "[p]ost-removal discovery for the purpose of establishing jurisdiction in diversity cases . . . ." *Id.* Thus the case had to be remanded.

The Defendants also have cited *Dougherty ± Chavez Architects, P.A. v. Houston Casualty Co.*, 2008 WL 2439667 (N.D. Fla. June 13, 2008), in which this Court likewise remanded the case because the amount in controversy was "not clear from the face of or readily deducible from the removing documents . . . ." *Id*, \*2. Thus *Dougherty* also confirmed that notice is provided by facts "readily deducible" from the pleadings. As in *Lowery*, however, and in contrast to the instant case, the Court in *Dougherty* found that there were "no allegations in the complaint . . . which identif[ied] the value of plaintiffs' claim in relationship to [the limits of coverage contained in the insurance policy, which were pleaded] and therefore this figure is insufficient to satisfy the amount in controversy requirement." *Id., \**2 n. 4. The Court therefore remanded, holding that it "may not speculate about the amount in controversy, nor should the district court's jurisdiction be 'divined by looking to the stars.'" *Id.*, \*2, *quoting Lowery*, 483 F.3d at 1215.

Both *Lowery* and *Dougherty* confirm the error of the Defendants' contention that the plaintiff's complaint must "conclusively establish" federal jurisdiction (Notice of Removal at 3). Both recognize, consistent with the decisions cited above, that removal is appropriate when jurisdiction is "readily deducible" from the materials presented in the removal papers. In the instant case, it does not require speculation or divine inspiration to recognize that the value of the Plaintiff's claim--for the wrongful death of a 35-year-old man with a wife and three minor children who was president of his own company--exceeds $75,000. Under the authorities cited, it would be willful

blindness to conclude otherwise.

In alleging the decedent's residence, and in alleging more than sufficient facts, coupled with the facts stated in the On-line Registration, to suggest the minimum value of the case, the Plaintiff's Complaint, commencing when he dropped the Florida Defendant on September 2, 2008, was sufficient to make it "ascertain[able]" that the case was removable.  The Defendants' position to the contrary not only is wrong; it is frivolous.  Under 28 U.S.C. §1146(b), attorneys' fees and costs are warranted when there was no objective reasonable basis for removal.  *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005); *Banknight v. Monroe County, Florida*, 446 F.3d 1327, 1329-31 (11th Cir. 2006).  The instant case qualifies.  Based on the allegations of the Complaint, the additional facts of record, and plain common sense, there is no objective reasonable basis upon which the Defendants could have removed this action.  Accordingly, an award of attorneys' fees and costs is warranted.

On the basis of the foregoing, the Plaintiff respectfully moves this Court to remand this case to Florida state court, and to award the Plaintiff reasonable attorneys' fees and costs for the work necessitated by the unwarranted removal.

Respectfully submitted,

Diana Santa Maria, P.A.
University Place-Suite 205C
5220 South University Drive
Fort Lauderdale, FL 33328

Joel S. Perwin, P.A.
169 E. Flagler Street, Suite 1422
Miami, FL 33131
Tel: 305-779-6090/Fax 305-779-6095

By:_____/s_____
     Joel S. Perwin
     Fla. Bar No: 316814

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 21st day of November, 2008, I electronically filed the

foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing

document is being served this day on all counsel of record or pro se parties identified on the attached

Service List in the manner specified, either via transmission of Notices of Electronic Filing generated

by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized

to receive electronically Notices of Electronic Filing.


s/

Joel S. Perwin
Fla. Bar No: 316814

## CERTIFICATE OF SERVICE

Larry A. Matthews, Esq.
lmatthews@bjm-law.com
Jason B. Onacki, Esq.
Jonacki@bjm-law.com
Bozeman, Jenkins & Matthews, P.A.
114 East Gregory Street
P.O. Box 13105
Pensacola, FL 32591-3105
via CM/ECF

Diana Santa Maria, Esq.
5220 SouthUniversity
University Place, Suite 205C
Fort Lauderdale, FL 33328
via U.S. mail