# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

BRIAN MOORE, as Personal Representative
of the Estate of Bernard P. Rice, Deceased,

Plaintiff,

vs.                                                              CASE NO. 5:08cv343/RS/MD

NORTH AMERICA SPORTS, INC., a foreign
corporation d/b/a WORLD TRIATHLON
CORPORATION d/b/a IRONMAN TRIATHLON
d/b/a FORT IRONMAN FLORIDA d/b/a
IRONMAN NORTH AMERICA; USA TRIATHON,
a foreign company; WORLD TRIATHLON
CORPORATION, a Florida corporation, d/b/a
IRONMAN TRIATHLON a/k/a FORD IRONMAN
FLORIDA,

Defendants.
_____/

## ORDER

Before me are Plaintiff's Motion to Remand and Motion for Attorneys' Fees and Costs (Doc. 3), Defendants' Agreed Motion to Stay Consideration of Defendants' Motion to Dismiss until Disposition of Plaintiff's Pending Motion to Remand, and Alternative Motion to Schedule Briefing on Motion to Dismiss (Doc. 4), and Defendants' Response to Motion to Remand and Motion for Attorneys' Fees and Costs (Doc. 11).

Bernard Rice, a thirty-five year old man with a wife and three minor children, drowned in the 2006 Ford Ironman Florida Triathlon in Bay County, Florida allegedly because of Defendants' negligence.  On June 20, 2008, Plaintiff, the person representative of Rice's estate, filed the complaint in state court in Bay County, Florida.  The complaint states that Plaintiff was a resident of Kalispell, Montana.  The complaint seeks damages for past suffering, future suffering, loss of support and services of the decedent, mental pain and suffering, medical expenses, and funeral expenses for Plaintiff's wife and children.  The complaint originally included World Triathlon Corporation, a Florida corporation, as a defendant; therefore, the case was not removable.

On September 2, 2008, the Plaintiff dropped World Triathlon Corporation as a party.  On October 2, 2008, Defendant USA Triathlon served its First Request for Admission to Plaintiff.  On November 3, 2008, Plaintiff responded and confirmed that Plaintiff was a citizen of Montana and the amount in controversy exceeds $75,000.  On November 14, 2008, Defendants removed the case to this court.

A defendant must file a notice of removal within thirty days of first being able to ascertain that the case is removable. 28 U.S.C. § 1446(b).  Both parties agree this case is removable based on diversity jurisdiction.  Plaintiff argues that the thirty days began on September 2, 2008, when the Florida defendant was

dropped.  Defendants argue that the thirty days began on November 3, 2008, after Plaintiff confirmed his citizenship and the amount in controversy.

This issue turns on when the defendant should have first ascertained that the case was removable. 28 U.S.C. § 1446(b).  The Eleventh Circuit requires that there must be unambiguous information that a case is removable. *Lowery v. Alabama Power Co.*, 483 F.3d 1184, n. 63 (11th Cir. 2007).  Since this case was removed based on diversity jurisdiction, the thirty days begins when Defendant should have first ascertained the parties were citizens of different states and the amount in controversy exceeded $75,000. 28 U.S.C. § 1332(a).

Plaintiff's failure to state his citizenship in the initial complaint does not prevent commencement of the thirty days for removal. *Bankston v Illinois Nat'l Ins. Co.*, 443 F. Supp 2d 1380, 1381-1382 (M.D. Fla. 2006).  The complaint states that Plaintiff was a resident of Kalispell, Montana.  While residence alone is not the equivalent of citizenship, the place of residence is prima facie the domicile. *Stine v Moore,* 213 F.2d 446, 448 (5th Cir. 1954); *District of Columbia v. Murphy* 314 U.S. 441, 455, 62 S. Ct. 303, 310, 86 L. Ed. 329 (1941) (the place where a person lives is properly taken to be his domicile until facts adduced establish the contrary).  Defendants knew their own citizenship.  Defendants first ascertained the parties were citizens of different states upon receipt of the complaint.

The complaint seeks damages for Plaintiff's wife, three minor children, and estate for past suffering, future suffering, loss of support and services of the decedent, mental pain and suffering, medical expenses, and funeral expenses. The complaint alleges only damages in excess of $15,000, the state court's minimum jurisdictional amount. Based on Plaintiff's online application to participate in Defendant's event, Defendants were also aware that Plaintiff died at the age of thirty-five, held a bachelors degree, and he was president of a boat dealership. Plaintiff cites numerous authorities to support its argument that Defendants should have known that the amount in controversy exceeded $75,000 based on the allegation of the complaint and the information then available to Defendants without requiring speculation. *See Foster v. Resources for Human Development, Inc.*, 2007 WL 2225811, *5 (M.D. Fla. 2007); *Estevez-Gonzalez v. Kraft, Inc.*, 606 F. Supp. 127, 129 (S.D. Fla. 1985); *Baker v. Firestone & Rubber Co.*, 537 F. Supp. 244, 245-47 (S.D. Fla. 1982); *Lee v. Altamil Corp.*, 457 F. Supp. 979, 981 (M.D. Fla. 1978).

However, the complaint and online application do not provide Defendants with an unambiguous statement sufficient to establish that Plaintiffs' claims potentially exceed $75,000. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007). The nature of the claim is insufficient to conclusively establish the amount in controversy; instead, it requires impermissible speculation.

*Id.* at 1220.  Defendants did not receive a document clearly indicating that the value of Plaintiff's claims exceed $75,000 until Plaintiff responded to the Defendants' First Request for Admission on November 3, 2008. *Id.* at 1221.  Therefore, the Defendants were able to establish federal jurisdiction by a preponderance of the evidence starting on November 3, 2008 and had thirty days to file a notice of removal.  On November 14, 2008, Defendants removed the case to this court in a timely fashion.

Plaintiff's Motion to Remand and Motion for Attorneys' Fees and Costs (Doc. 3) is DENIED.  Defendants' Agreed Motion to Stay Consideration of Defendants' Motion to Dismiss until Disposition of Plaintiff's Pending Motion to Remand, and Alternative Motion to Schedule Briefing on Motion to Dismiss (Doc. 4) is DENIED AS MOOT.

**ORDERED** on December 9, 2008.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**