IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BRIAN MOORE, as personal
representative on behalf of the estate
of Bernard P. Rice, deceased,
    Plaintiff,

vs.   Case No.: 5:08cv343/RS/MD

NORTH AMERICA SPORTS, INC., et al.
    Defendants.

## O R D E R

This cause is before the court upon the motion and supporting memorandum of plaintiff Brian Moore, as Personal Representative of the Estate of Bernard P. Rice, to compel production of an incident report together with motion for the imposition of fees and costs (doc. 51). Defendant has responded to the motion and plaintiff has replied (docs. 65, 70).

Plaintiff seeks a copy of an incident report prepared by an agent of the defendant at the time of the decedent's death. Defendant maintains that the report is work product because it was prepared in anticipation of litigation. Plaintiff contends that it cannot be so described because according to defendant's witnesses, the report was prepared in the ordinary course of business. Defendant responds that the report was a dual purpose document, and that when there is an injury or death at one of its sanctioned events, its loss prevention and insurance guidelines require that such a report be prepared, and that the incident report is therefore prepared in anticipation of litigation as part of its ordinary business practices. The injury involved in this case was a drowning, but defendant's agents testified that incident reports are prepared for *all* injuries, however minor, which

weakens their dual purpose argument. Nevertheless, the ultimate question need not be answered at this time.

Plaintiff's fall-back position is that Fed.R.Civ.P. 26(3)(A) applies because the report is clearly discoverable under Fed.R.Civ.P. 26(b)(1), and plaintiff has shown that he has substantial need for the report to prepare his case and cannot without due hardship obtain the equivalent evidence by other means. Plaintiff points to the deposition testimony of numerous employees of defendant who testified in essence that they had scant recollection of the incident. A report prepared at or shortly after the incident would be necessary to fill in the blanks of the witnesses' failed memories.

Defendant responds that plaintiff has been provided with every bit of evidence that exists, including witness names, and that plaintiff "has had ample opportunity to collect whatever information he felt necessary to prepare his case through routine discovery, and indeed plaintiff has collected such information." (Doc. 65, p.6). That argument does not address the issue presented here. The persons most directly involved in preparing for and putting on the event have little memory of the drowning death. One of them prepared a contemporaneous report presumably contains facts the witness now cannot remember. To say that *other* information from *other* witnesses can replace that information is a red herring. Whatever is contained in the incident report cannot be obtained through general discovery.

The court finds that plaintiff has met the requirements of Rule 26(b)(3)(A) and that the incident report must be produced. The court must also determine whether this dispute meets the terms of the court's order of May 12, 2009 concerning sanctions (doc. 52, p.4, ¶ 6).

Accordingly, the motion to compel (doc. 51) is GRANTED and it is ordered as follows:

1. Defendant will within five (5) days file an unredacted copy of the incident report in question *under seal* so the court can protect against disclosures as provided in Rule 26(b)(3)(B).

*Case No: 5:08cv343/RS/MD*

2. If defendant wants any part of the report protected under Rule 26(b)(3)(B), it will contemporaneously file a memorandum *under seal* supporting its position. The court will examine the documents *in camera* and determine whether any portion of the report should be protected.

3. Plaintiff's counsel will within ten days file a memorandum in support of his request for fees and submit appropriate documentation as set out in the court's order of May 12, 2009 (doc. 52, p. 4, ¶ 5).

4. Within five days thereafter defendant will respond and state its position on whether sanctions should be imposed, and the appropriate amount if the court decides to impose sanctions. Counsel shall also produce, if he has it, "proof that the client insisted on going forward against counsel's advice." (*Id*.).

5. The clerk will refer the file to the undersigned when the requirements of paragraph 1 are met and again when the requirements of paragraph 4 are met.

DONE AND ORDERED at Pensacola, Florida this 22nd day of May, 2009.

/s/ *Miles Davis*

MILES DAVIS
UNITED STATES MAGISTRATE JUDGE