**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**BRIAN MOORE, as personal
representative on behalf of the estate
of Bernard P. Rice, deceased,**
       **Plaintiff,**

vs.                                             Case No.: 5:08cv343/RS/MD

**NORTH AMERICA SPORTS, INC., et al.
       Defendants.**

___

**ORDER DIRECTING SERVICE OF INCIDENT REPORT**

On May 22, 2009 the court granted plaintiff's motion to compel production of a copy of the defendant's incident report (doc. 77).  The court ordered defendant to file a copy of the report under seal, and to inform the court concerning any part of the report that it wanted protected, so that the court could perform the functions of Fed.R.Civ.P. 26(b)(3)(B).  Defendant has complied (doc. 87).

The court's reason for granting the request was grounded in Rule 26(b)(3)(A), based on plaintiff's argument that defendant's witnesses had scant memory of the incident, and that the witness who prepared the report, Shelley Bramlett, remembered little if anything.  Although defendant argued that *all* the information contained in the incident report had already been provided to plaintiff in one form or another, defendant did not seek leave to file a copy of the report under seal in order for the court to make a reasoned determination on whether defendant's factual claim was correct.  Having now reviewed the report, it is clear that defendant was correct, because the report contains even less information than Ms. Bramlett recalled.  Thus, had the court been apprised of the contents of the incident report

Case 5:08-cv-00343-RS-MD   Document 110   Filed 06/12/09   Page 2 of 3

Page 2 of 3

it would clearly have found that plaintiff had not carried his burden of showing a *substantial need* for the report.  Rule 26(b)(3)(A).

That does not end the matter, however.  Defendant wants the court to extend its earlier decision and find that the report was in fact prepared in anticipation of litigation.  The incident report is on a form prepared by defendant's insurance carrier, and is of the type typical of those requested by insurance companies, and therefore may arguably be of the sort prepared in anticipation of litigation.  Defendant has argued that this document is of the kind entitled to protection under *Hickman v. Taylor*, 329 U.S. 425 (1947) and its progeny, but that is simply not the case.  A detailed history of the development of the concept of attorney work privilege is not necessary here.  Briefly, however, *Hickman* established the rule that while the rules concerning discovery are to be liberally applied, there are certain things attorneys do that are not subject to discovery.  These include attorney opinions and theories that would alert an opponent to contemplated trial strategy.  The Rules were amended in 1970 to broaden the effect of *Hickman* by adding not only work product of attorneys, but a party's agents and insurers.  It further broadened the concept by including not only matters prepared for trial, as in *Hickman*, but *in anticipation of litigation.*

Cases since 1970 have not clarified the issue, but they contain a common thread that is relevant here.  Courts have protected matters that involve strategies and impressions, *Resolution Trust Corp. v. Dabney*, 73 F.3d 262 (10th Cir. 1995), an attorney's mental impressions, *Onwuka v. Federal Exp. Corp*, 178 F.R.D. 508 (D. Minn. 1997), investigations, *Raso v. CMC Equipment Rental,* Inc., 154 F.R.D. 126 (D. Pa. 1994), analytic memoranda, *Ryall v. Appleton Elec. Co.*, 153 F.R.D. 660 (D. Colo. 1994), statements taken by insurance adjustors, *Suggs v. Whitaker*, 152 F.R.D. 501 (D.C.N.C. 1993), an insured's statement to his insurer, *Banks v. Wilson*, 151 F.R.D. 109 (D. Minn. 1993), and reports concerning the cause of an incident, *McMahon v. Eastern S.S. Lines, Inc.*, 129 F.R.D. 197 (S.D. Fla. 1989), among others.

However, defendant has not cited, nor has the court found, a case with facts similar to these. Here the defendant has instructions from its insurer and/or risk managers to prepare an incident report on a single page pre-printed form that contains *only* the basic facts of an occurrence. There is nothing in the form that could reasonably be called investigatory or strategic, or that discloses an impression, statement or anything else that could unfairly alert to plaintiff to "work product" as that term is understood. Indeed, Rule 26(b)(3) (B) requires the court to " protect against disclosure of mental impressions, conclusions, opinions or legal theories of a party's attorney or other representative concerning the litigation." Those terms do not exist in a vacuum. They describe the underlying reason for protecting work product. There is none of that here. The incident therefore not "prepared in anticipation of litigation" and it is not entitled to work product protection.

Accordingly, it is ORDERED as follows:

1. The court's order of May 22, 2009 (doc. 77) is VACATED.

2. No later than 3:00 p.m. CDT today, Friday, June 12, 2009, defendant's counsel will electronically serve on plaintiff's counsel an unredacted copy of the incident report dated November 4, 2006.

3. The issue of sanctions will be taken up in a separate order.

DONE AND ORDERED at Pensacola, Florida this 12th day of June, 2009.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE