IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**BRIAN MOORE, as personal**
**representative on behalf of the estate**
**of Bernard P. Rice, deceased,**
    **Plaintiff,**

vs.                                            Case No.: 5:08cv343/RS/MD

**NORTH AMERICA SPORTS, INC., et al.**
    **Defendants.**

___

### ORDER AWARDING ATTORNEY FEES

On May 22, 2009 the court granted plaintiff's motion to compel production of a copy of the defendants' incident report (doc. 77).  That order, now vacated, provides background on the matter now before the court, as does the more recent order directing that defendant provide a copy of its incident report to plaintiff (doc. 110).

The matter of sanctions is unresolved.  In the court's order of May 8, 2009 counsel were informed that, unless a discovery dispute is one of the rare cases that contain unresolved legal issues, the attorney who does not prevail must pay the other's costs and fees (doc. 51).  This is not one of those cases.  The court vacated its first order, which found that plaintiff had shown "substantial need" for the subject incident report and could not obtain certain information without undue hardship.  As noted later, no such finding would have been made had defense counsel asked the court review the report *in camera*.  Defendants then filed a copy under seal as ordered.  After reviewing the report the court reversed itself, finding that plaintiff had not shown substantial need or undue hardship.  However, the court

went on to find that the report was not protected by the work product doctrine.  The result is the same.  Defendant loses.

Pursuant to the first order, plaintiff filed a memorandum in support of his fee and cost claim (doc. 98) to which defendant has replied (doc. 102).  Plaintiff contends that he is entitled to fees of $34,740 and costs of $17,657.21, for a total of $52,397.21.  Plaintiff bases his claim for that amount on two factors: (1) the necessity of taking other discovery in order to determine what was in the incident report, without success, and (2) the time for preparing the ultimately successful motion to compel.

**Other discovery**

Of the amount claimed, $21,525 is based on the time necessary to prepare for and attend the depositions of Shelley Bramlett, Graham Johnson, Timothy Fraser, Kathleen Matejka and Shane Facteau.  Counsel argues that the depositions of Ms. Bramlett, Mr. Fraser, Mr. Johnson and Ms. Matejka were necessary to establish that the incident report was generated in the normal course of business of USA Triathalon, and to fill in the blanks left by defendants' refusal to provide the incident report, but that the witnesses could not provide any meaningful information pertaining to the organization of the swim portion of the race or other pre-race preparation matters.  As a result, the motion to compel was necessary.

The problem with this argument is twofold.  First, it is obvious from a review of those portions of depositions that have been filed that plaintiff's counsel asked questions of witnesses that she would have asked with or without the incident report, and that these depositions were taken as the normal part of discovery, not solely with a view of finding out what was in the incident report.  Second, the court now knows that these witnesses could not have filled in the blanks left by defendants' refusal to disclose the incident report because the incident report contains nothing that plaintiff did not already know or learn from the testimony of

the witnesses. Therefore, any time and expense involved in taking these depositions will be disallowed as unnecessary.

**Preparation of the Motion to Compel**

The balance of the fees requested, $13,215, is for preparation of the motion to compel. This request is unreasonable for two reasons: both the time spent and the hourly rates ($600 for Joel Perwin, $350 for Diana Santa Maria, and $275 for Marc A. Gregg and Laura D. Dolin), are unreasonable. Counsel spent a total of 59.9 hours researching, preparing and filing a motion that dealt with a legal issue that, while not altogether clear, was straightforward enough to require substantially less time on the part of experienced, competent counsel. The court is not saying that the time claimed was not actually spent by these four lawyers, only that the great majority of it was unnecessary.

Moreover, counsel has offered nothing in the way of justification for the hourly rates requested. Her affidavit says that the hourly rates claimed are reasonable "in this geographic market" without identifying the market. If she means the Panama City Division of the Northern District of Florida she is mistaken. The relevant market for purposes of determining a reasonable hourly rate is the place where the case is filed, and if an applicant wants to recover non-local rates he must show a lack of local attorneys willing and able to handle the case. *ACLU of Georgia v. Barnes*, 168 F.3d 423 (11th Cir. 1999). No such showing has been made here. Furthermore, the court is uninformed on the experience or special expertise on the part of any of these individuals. The Florida Bar website indicates that Mr. Perwin was admitted to the Bar in 1981, and Ms. Santa Maria was admitted in 1985. Both are therefore seasoned counsel. The other two attorneys involved, Marc Gregg and Laura Dolin were admitted to practice in 1994 and 1990, respectively. The court is given nothing to support the hourly rates claimed, and had to do its own research to find out how long these lawyers had been practicing. The court would be justified in denying a fee on that basis alone.

It is the normal practice of the undersigned to include a paragraph in its discovery rulings that reads as follows:

> Within ten (10) days the ___ shall pay $1000.00 to ___ as a sanction for that party's costs in preparing and arguing or defending the instant motion to compel. Either party may within ten days seek reconsideration of the sanction or the amount by filing a motion to reconsider with brief argument and supporting documentation, in which case the requirement for payment will be stayed until the matter is resolved.

This language was not used in this case because it was obvious that this issue was somewhat more involved than usual. It was not $12,215 more involved than usual, however. Upon review of the pleadings and affidavit of counsel, and based on the court's own expertise in fee matters, *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988), the court determines that a reasonable amount of time spent in this matter is 10 hours at the rate of $300 per hour, and that a $3000 fee is appropriate in this case.

Accordingly, it is ORDERED that defendants' counsel shall pay $3000 to plaintiff's counsel within ten (10) days. In accordance with the court's earlier order, defense counsel will not charge his client for this cost.

DONE AND ORDERED at Pensacola, Florida this 15th day of June, 2009.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE