IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BRIAN MOORE, as Personal
Representative on behalf of the Estate
of Bernard P. Rice, deceased,

    Plaintiff,

vs.                              CASE NO.  5:08cv343/RS/MD

NORTH AMERICA SPORTS, INC., et al.,

    Defendants.

_____/

## Order

    Before me is Defendants' Motion in Limine to Exclude Portions of the Testimony of Kathleen J. Hartney Velazco, M.D. (Doc. 112).  Dr. Velazco attended the 2006 Ford Ironman Florida Triathlon and treated Bernard Rice.  She was disclosed as a non-expert witness.

    If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness…and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.  Fed. R. Evid. 701.

A doctor's diagnosis of an injury itself would be permissible lay testimony, but statements about the cause of the injury are a "hypothesis" and the ability to answer hypothetical questions is the essential difference between expert and lay witnesses. *U.S. v. Henderson*, 409 F.3d 1293, 1300 (11th Cir. 2005) (citation omitted).

After review of Dr. Velazco's Highlighted Deposition (Docs. 112-5, 112-6), I find that the portion highlighted on page 12 ("and I looked around to see where they were headed and there was nothing there.  There was nobody, no medical tents, nothing.") is admissible because it discusses the witness' personal observations.  I find that the remaining highlighted portions are inadmissible because Dr. Velazco is not an expert and cannot answer hypothetical questions, or they are irrelevant.

Defendants' Motion in Limine to Exclude Portions of the Testimony of Kathleen J. Hartney Velazco, M.D. (Doc. 112) is **granted in part, denied in part**.

**ORDERED** on June 26, 2009.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**